UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>LORENZO BLACK, )<br>        Defendant. ) | Case No.   16-8080-01-TJJ |

# **DETENTION ORDER**

**A.     Order for Detention.**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) on  2014, the undersigned U.S. Magistrate Judge, Teresa J. James, hereby orders the defendant, detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

**B.     Statement of Reasons for Detention.**

☐ As the ultimate reasons for detaining defendant, the court finds:

X **by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required, i.e., defendant poses a serious flight risk.**

X **by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community.**

☐ specifically, and without limitation of the foregoing, defendant poses a serious risk of continued possession of firearms while under the influence of illicit drugs.

**C.     Findings of Fact.**

The court's findings in connection with the decision to detain defendant are based on the evidence presented during the detention hearing, and information contained in the pretrial services report, including the following:

X **(1)     Nature and circumstances of the offense charged in the present case:**

        **(a)     21:841(a)(1), (b)(1)(C) and 846, 18:2 - Conspiracy to distribute and**

**to possess with the intent to distribute, methamphetamine, a controlled substance.**

**X (2)** **The record indicates the Government has a very strong case against defendant.**

☐ (3)  The history and characteristics of defendant, including:

☐   (a)  General factors:

**X**   **Past conduct of defendant: Criminal history, including but not limited to prior incident allegedly involving firearms.**

**X**   **(b)** **At the time of the current arrest, defendant was on:**

**X**   **probation.**
   parole.
   release pending trial, sentence, appeal, or completion of sentence.

**X**   **(c)** **Other factors:**

   Defendant is an illegal alien and is subject to deportation.
   Defendant is a legal alien and will be subject to deportation if convicted.
**X**   **Other: Pretrial services recommendation.**

**X (4)** **The threat of continued criminal activity if defendant were released poses a serious risk of danger to the community.**

**X (5)** **Rebuttable presumptions.**

In determining that defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e):

**X**   **a. There is probable cause to believe defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed:**

**X**   **in the Controlled Substances Act, 21 U.S.C. § 801 et seq.;**
   in the Controlled Substances Import and Export Act, 21 U.S.C. § 951 et seq.; or
   in the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seq.

☐   b.  There is probable cause to believe defendant committed:

    an offense under 18 U.S.C. § 924(c) (use of a firearm in connection with drug trafficking or any felony-level crime of violence);

    an offense under 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, or injure persons or damage property in a foreign country);

    an offense under 18 U.S.C. § 2332(b) (terrorism transcending national boundaries); or

    an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(3), 2252A(a)(1)-(4), 2260, 2421, 2422, 2423, or 2425.

☐  c. (1) The crime charged in the present case is one described in § 3142(f)(1), i.e.,

☐    (A) a crime of violence;

☐    (B) an offense for which the maximum penalty is life imprisonment or death;

☐    (C) a controlled substance violation that has a maximum penalty of ten years or more;

☐    (D) any felony and defendant previously was convicted of two or more of the offenses described in subparagraphs (A) - (C) of this paragraph; <u>or</u>

☐    (E) any felony that is not a crime of violence but still involves (i) a minor victim, or (ii) the possession or use of a firearm, destructive device, or any other dangerous weapon, or (iii) a failure to register under 18 U.S.C. § 2250 (sex offender and crimes against children registry);

    <u>AND</u>

☐    (2) defendant previously has been convicted of one of the crimes listed in the above-described subparagraphs (A), (B), (C), or (E) (even including state or local offenses that would constitute federal crimes if federal jurisdiction existed);

☐    (3) the offense referred to in subparagraph (2) immediately above was committed while defendant was on release pending trial for a federal, state, or local offense; <u>AND</u>

☐    (4) not more than five years has elapsed since the later of the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☐  d. Defendant has rebutted the above-described statutory rebuttable

presumption. Nevertheless, the presumption remains a factor (among all others) to be considered in deciding whether to detain defendant.

**X**        e.  **Defendant has failed to rebut the above-described statutory rebuttable presumption.**

**D.    Additional Directives.**

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the court directs defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel of record in this case. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 14, 2016            *S/Teresa J. James*
                                 Teresa J. James
                                 U.S. Magistrate Judge

Note:

The Bail Reform Act of 1984, as amended, 18 U.S.C. § 3141 et seq., specifies the limited situations in which a detention hearing may be held, as follows:

> The judicial officer shall hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community—
>
> (1) *upon motion of the attorney for the Government*, in a case that involves—
>
> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

  (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State of local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

  (D) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18 United States Code; or

 (2) *Upon motion of the attorney for the Government, or upon the judicial officer's own motion*, in a case that involves—

  (A) a serious risk that such person will flee; or
  (B) a serious risk that such person will obstruct or attempt to obstruct justice, of threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

18 U.S.C. § 3142(f) (emphasis added).