IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
*Plaintiff,*
**v.**                                           Case No. **16-20032-JAR**

**LORENZO BLACK,** *et al.,*
*Defendants.*

### MOTION TO SUPPLEMENT RECORD AND
### PRODUCE JENCKS MATERIALS

The Federal Public Defender respectfully asks the Court to set a hearing so that the FPD may supplement the record of this case with the evidence taken in *United States v. Richard Dertinger*[1] relating to government intrusion into the attorney-client relationship between Mr. Dertinger and his counsel. Additionally, the FPD asks the Court to order the U.S. Attorneys' Office for the District of Kansas (USAO) to disclose to the parties the *Jencks* materials that the Court ordered in the *Dertinger* case.

**Relevant Facts and Procedural History**

Mr. Dertinger filed a motion to withdraw his plea and dismiss the fourth superseding indictment on April 6, 2017.[2] The basis of the motion was that "the Government intentionally intruded upon his attorney-client relationship by surreptitiously video recording his meetings with his lawyer, obtained the

---

[1] 14-cr-20067-06-JAR.

[2] *Dertinger*, Docket Entry (D.E.) 498.

1

recordings through an abuse of grand jury subpoena power, and used the existence of those recordings to gain a litigation advantage and push to disqualify his lawyer from the case."[3]

These are the same facts, *inter alia,* that supported this Court's appointment of a Special Master in this case. On May 17, 2017, this Court made a finding of fact that "the government procured, viewed and used video recordings of an attorney-client meeting of at least one CCA inmate, Richard Dertinger."[4] The Court then stated this finding of fact "justifies a Phase III investigation into the government's use of video recordings of Dertinger's attorney-client meetings, as well as the government's procurement and use, if any of any other video recordings of attorney-client meetings."[5]

On May 23, 2017, the *Dertinger* case was reassigned from Judge Murguia, who had previously accepted Mr. Dertinger's guilty plea, to Chief Judge Robinson.[6]

The *Dertinger* court held evidentiary hearings on June 20-21, 2017, primarily for fact-gathering related to his motion to dismiss. Over the course of two days, fifteen government witnesses testified and two witnesses called by Mr. Dertinger. That testimony has been transcribed.[7]

---

[3] *Id.* at 1.

[4] *Dertinger*, D.E. 253 at 24.

[5] *Id.*

[6] *Dertinger*, D.E. at 520.

[7] *Dertinger*, D.E. 531, 532.

At the hearing, counsel for Mr. Dertinger reiterated an earlier request for the government to produce *Jencks* material relating to the fifteen government witnesses.[8] The Court ordered the USAO to conduct a search of emails for *Jencks* to be provided to Mr. Dertinger.[9] Additionally, the Court noted that the USAO was working with the Special Master on search terms that may be applied to government emails to locate communications relevant to the Phase III investigation.[10]

The *Black* Phase III investigation was directed to investigate "the government's knowledge and intent, the government's procurement of the recordings, and whether the government listened to, watched, or otherwise used the audio and video recordings of attorney-client communications."[11] Near the end of the *Dertinger* hearing, which occurred a month after this Court ordered the Phase III investigation, the Court also commented that the evidence taken in the *Dertinger* hearing made the Court "more convinced" that the Phase III investigation needed to continue.[12]

---

[8] *Dertinger*, 6/21/17 tr.534:18-19 ("I would reiterate my request for all *Jencks* material for all of the witnesses that have testified.").

[9] *Id.* at 535-536.

[10] *Id.*

[11] D.E. 253 at 43-44.

[12] *Dertinger,* 6/21/17 tr. 537:1-4. ("And frankly, having heard the testimony that I've heard today and additional exhibits that I've never seen before, I'm all the more convinced that this (Phase III) investigation continues.").

3

In *Dertinger*, the government moved on September 20, 2017 for a supplemental protective order regarding the *Jencks* production "[b]ecause the material includes communications within the United States Attorneys' Office."[13] The motion was not opposed by Mr. Dertinger. The Court issued the supplemental protective order the same day it was sought, September 20.[14]

On October 5, 2017, the parties in *Dertinger* reached a sentencing agreement that included a joint recommendation for a sentence of time served.[15] A condition of the agreement required Mr. Dertinger "to move to withdraw all of the defendant's pending motions, both in this case and in *United States v. Black, et. al.*, D. Kan. No. 16-20032-JAR."[16] On October 5, 2017, Mr. Dertinger was sentenced to time served and judgment entered in his case.[17] The Court dismissed all pending motions filed by Mr. Dertinger.[18]

The Special Master issued his first report on the *Black* Phase III investigation on October 20, 2017. It did not specifically address the *Jencks* material but did note the investigation has stalled due to the USAO and U.S. Secret

---

[13] *Dertinger*, D.E. 553 at 1.

[14] *Dertinger*, D.E. 554.

[15] *Dertinger*, D.E. 558.

[16] *Id.* at 3.

[17] *Dertinger*, D.E. 560.

[18] *Dertinger*, D.E. 559.

Service determinations to not cooperate[19] in the Phase III investigation ordered by this Court.[20]

## Argument

1. *The Dertinger evidence from the June hearings is relevant to this Court's inquiry in Black.*

This Court has previously recognized the overlap between *Dertinger* and *Black*. In the *Black* Phase III Order, the Court noted that "resolving these controverted facts is critical not only to the question of whether the government intruded on Rokusek and Dertinger's attorney-client communication by watching a recording of the same, but may be relevant to the concerns of the defendants in this case and in other cases in the District of Kansas that there has been a similar intrusion on their attorney-client communications."[21]

The Special Master's October 20, 2017, Phase III report made clear that efforts to obtain facts from the government about its conduct have stalled due to the government's decision not to cooperate in the process. Or, stated another way, the USAO appears to be purposefully obstructing the investigation, including questions about the government's conduct in the *Dertinger* case.

Because there has been significant evidence taken in *Dertinger* that is not otherwise part of the record in *Black*, the FPD asks the Court to permit the FPD to

---

[19] The FPD will address the lack of cooperation by the USAO in a separate filing.

[20] D.E. 298 at 8 ("Thus, at this juncture, neither the OUSA nor USSS is cooperating in the Special Master's investigation.").

[21] D.E. 253 at 36-37.

supplement the record in *Black* by adopting and admitting the transcripts of the two-day *Dertinger* hearing and the exhibits[22] admitted during that hearing into the record of this case. To do this, the FPD asks the Court to set a hearing so that the relevant evidence may be offered for the record in *Black*. This will also cure the concerns raised by the USAO to the Special Master that any requests for information from the Special Master relating to the *Dertinger* case are "beyond the scope" of the authority of the USAO to provide.[23]

Supplementing the *Black* record with the *Dertinger* evidence will accelerate the Special Master's investigation and permit the parties to use that evidence to seek relief before this Court without having to reinvent the wheel – the record has already been made. It will also avoid the future need for any party having to modify the record on appeal,[24] should any appeal become necessary. As the Tenth Circuit explained, during an appeal, it "will not consider material outside the record before the district court."[25]

---

[22] *Dertinger*, D.E. 530-1, 530-2. Gov't Exh. 1-6, 9, 11, 12, 13, 15, 16, 33, 35, 36, 38, 39; Def's Exh. 1-52; Court's Exh. 1 (UNDER SEAL).

[23] Letter from SUASA Clymer to Special Master, D.E. 298-9 at n. 13 ("Any requests or demands for government testimony, documents, or other information made in the Dertinger litigation are beyond the scope of my authority.").

[24] Fed.R.App.P. 10(e) authorizes the modification of the record only to the extent it is necessary to disclose what occurred in the district court.

[25] *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) (denying appellant's request for the court to exercise its inherent equitable power to supplement the record on appeal.)

   *2. Jencks materials from the Dertinger hearings.*

The Court ordered the government to produce *Jencks* materials[26] related to the testimony of government witnesses elicited during the *Dertinger* hearing.[27] The government failed to do so, and the *Dertinger* defense was forced to file a Motion to Show Cause for the USAO's failure to comply with the Court's order to produce *Jencks* materials.[28] Moreover, the Special Master report indicates that the USAO was unwilling to run searches of emails after search terms were crafted to locate responsive documents.[29] Ultimately, *Jencks* production was hidden by a protective order, and that information has not been made part of the public record in *Dertinger* or accessible to the parties in *Black*.

As *Dertinger* reached a conclusion and a Judgment has been issued, all *Dertinger* motions were dismissed. The status or content of the *Jencks* material is not publicly available; it is, however, relevant to the testimony elicited at the *Dertnger* hearing. The testimony of those witnesses are relevant to the ongoing investigation and litigation in *Black*, and the related *Jencks* material should likewise be made available to the parties in *Black*. This includes Mr. Dertinger's Motion to Show Cause for the government's failure to produce *Jencks* materials. To

---

[26] *See, e.g.*, 18 U.S.C. § 3500(e)(3) (Jencks Act) )(definition of the term "statement.").

[27] *Dertinger,* 6/21/17 tr. 535-36.

[28] *Dertinger*, D.E. 551.

[29] D.E. 298 at 3.

the extent the Court's Phase III Order can be interpreted to not include the *Jencks* materials from *Dertinger*,[30] the FPD now asks the Court make this order explicit.

## Conclusion

For these reasons, the FPD asks the Court to set a hearing so that we may offer evidence from *Dertinger* to supplement the record in *Black* and for an order that *Jencks* materials from *Dertinger* be produced forthwith to the parties.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON #17612
Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785.232.9828
Fax: 785.232.9886
Melody_Brannon@fd.org

s/ Branden A. Bell
BRANDEN A. BELL #22618
Assistant Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Branden_Bell@fd.org

s/ Kirk C. Redmond
KIRK C. REDMOND #18914
First Assistant Federal Public Defender
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Kirk_Redmond@fd.org

s/ Rich Federico
RICH FEDERICO #22111
Staff Attorney
for the District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Rich_Federico@fd.org

---

[30] Letter from SAUSA Clymer to Special Master, D.E. 298-9 at 20 ("Any documentation, including written communications, prepared by government employees on this topic fall within the work-product doctrine, especially in light of the ongoing litigation involving Dertinger. Among other reasons, disclosure is unwarranted because neither Rokusek nor Dertinger is a party in the *Black* case.").

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 25, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the Special Master and all parties, including Movant Parties and Interested Parties in the case.

              <u>s/ Melody Brannon</u>
              MELODY BRANNON, KS # 17612