IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | |
| v. | Case No. 16-CR-20032-JAR |
| **LORENZO BLACK, et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

The Federal Public Defender ("FPD") sought the issuance of subpoenas *ad testificandum* for several witnesses, including Linda Thomas and Wayne Bigelow ("the Witnesses"), to appear at a hearing in this case on May 15, 2018, to testify regarding policies and practices at the CoreCivic detention facility in Leavenworth, Kansas. This matter comes before the Court on the Witnesses' Motion to Quash Subpoenas (Doc. 470). The Witnesses argue that the subpoenas should be quashed because (1) the FPD and its clients lack standing to litigate their Rule 41 motions for return of information; and (2) the Witnesses' testimony is not relevant or material to the determination of the FPD's motion. The motion is fully briefed and the Court is prepared to rule. For the reasons explained below, the Court denies the motion.

**I.    Background**

The procedural and factual history of this case has been well tread in previous orders of this Court, and thus the Court limits discussion of the background to those events that are directly relevant to the present motion. On October 20, 2017, the Special Master filed a Phase III report, in which he described Special Attorney for the United States Steven Clymer's refusal to provide information sought in the course of the Phase III investigation. The FPD filed a motion for an order to show cause why the Government should not be held in contempt for its refusal to

cooperate with the Special Master in Phase III of the investigation.[1] The Court set a hearing for November 28, 2017 to discuss "the Special Master's findings concerning the Government's failure to comply with the Phase III investigation" and "any other issues the parties may want to address related to the Phase III investigation."[2] The Court continued the hearing until January 18, 2018 at Special Attorney Clymer's request. The Special Master and the FPD moved for the issuance of subpoenas *duces tecum* and subpoenas *ad testificandum* directed at current and former employees of the United States Attorney's Office and CoreCivic.

The Government moved to quash the subpoenas and moved to terminate Phase III of the Special Master's investigation. In support of its motions and its response to the FPD's motion for order to show cause, the Government argued that the FPD lacked standing to litigate its Rule 41 motion.[3] The Court stayed compliance with the Special Master's order for production and the Special Master and FPD's subpoenas *duces tecum*. The Court, however, denied the Government's motions to quash the subpoenas *ad testificandum* and the motion to terminate Phase III of the Special Master's Investigation.[4] In so ruling, the Court held that the FPD had standing to litigate its Rule 41 motion.[5]

The Government filed a petition for writ of mandamus with the Tenth Circuit, and again raised its standing arguments regarding the FPD. The Court cancelled the January 18 hearing following the Government's filing of its petition and an order by the Tenth Circuit. The Tenth Circuit granted the petition in limited part, and directed the Court to limit "the scope of

---

[1] Doc. 301.
[2] Doc. 300.
[3] Doc. 340 at 5, 9–10; Doc. 346 at 15–18.
[4] Doc. 372.
[5] *Id.* at 12–14.

2

investigation and inquiries to matters related to defendants before the court in *United States v. Black*, No. 16-20032-JAR, and to other parties in *Black* who have filed Rule 41(g) motions in that proceeding."[6]

The Court ultimately re-scheduled the hearing for May 15 and 16, 2018. The Witnesses filed the instant motion on May 11, 2018.

## II.     Discussion

The Witnesses argue that the subpoenas should be quashed because the FPD lacks standing and because their testimony is not relevant or material to the determination of the FPD's Rule 41 motion. The Court addresses each argument in turn.

### A.     Standing

The Witnesses argue that the FPD and its clients lack standing to litigate their Rule 41 motion because they do not own the recordings at issue. Thus, the Witnesses argue that the FPD had no authority to request issuance of the subpoenas. As explained above, the Court previously addressed the Government's argument that the FPD lacks standing to litigate its Rule 41 motion.[7] Furthermore, in the context of ruling on the Government's petition for writ of mandamus, and after reviewing the Government's arguments regarding the FPD's standing, the Tenth Circuit found that the scope of the Phase III investigation in this case encompasses "parties in *Black* who have filed Rule 41(g) motions in that proceeding."[8] For the same reasons the Court previously explained, the Court finds that the FPD has standing to litigate its motion and to request the issuance of subpoenas.[9]

---

[6]Doc. 398.

[7]*See supra* Part I.

[8]Doc. 398 at 2.

[9]Doc. 372 at 12–14.

### B. Relevance

The Witnesses also argue that their testimony is not necessary to an adequate defense and is not "relevant, material, and useful," so the subpoenas should not be enforced.[10] The Witnesses argue that their testimony has nothing to do with the Rule 41 motions. The Rule 41 motions, however, allege a violation of the Sixth Amendment right to counsel.[11] To establish such a Sixth Amendment violation, the FPD must show, *inter alia*, that the interference with privileged communications was purposeful.[12] The witnesses are being asked to testify about CoreCivic's communications with the USAO regarding the disclosure of information and the policies CoreCivic had in place for producing recordings.[13] Their testimony is relevant to the issue of whether attorneys or investigators associated with the USAO intentionally sought attorney-client communications. For these reasons, the Court denies the Witnesses' motion to quash.

**IT IS THEREFORE ORDERED BY THE COURT** that Linda Thomas and Wayne Bigelow's Motion to Quash Subpoenas (Doc. 470) is **denied**.

**IT IS SO ORDERED.**

Dated: May 14, 2018

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] *See United States v. Gallagher*, 620 F.2d 797, 799 (10th Cir. 1980) (holding that "necessary to an adequate defense" for purposes of Rule 17(b) provision mandating service of subpoenas means "relevant, material, and useful.").

[11] Doc. 85 at 3–9.

[12] *Shillinger v. Haworth*, 70 F.3d 1132, 1142 (10th Cir. 1995).

[13] *See* Doc. 70 at 8.