1 of 5
Plus ATTACHMENT -A,B,and C

IN THE UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF KANSAS

F I L E D

SEP 3 0 2019

TIMOTHY M. O'BRIEN CLERK
By_____Deputy

TYWAN A. POOLE, individual and interested )
part,                                     )
                              Plaintiff,  )
                                          )
V.                                        )
                                          )
SECURUS TECHNOLOGIES, INC.,               )
                                          )
                              Defendant.  )
                                          )

CIVIL M.W.D.
CASE NO. 19-CV-00671-FJG/8th C:
APPEAL No. 19-3193/10th Cir.
RE: UNITED STATES V. BLACK, HUFF, a
                        CARTER
UNDER CLERK FILING RULE
16-CR-20032-JAR         25(A)(2)(b)

MOTION TO COMPEL PRODUCTION OF DOCUMENTS under
Fed.R.Civ.P. 37(a)(1)&(3)(B)

                              Comes now TYWAN A. POOLE, under the
penalty of perjury, a Pro-Se litigant that is a inmate in Federal Custody
located at United States F.C.C. Forrest City Low, in FORREST CITY, ARKANSAS.
                              By a declaration and in compliance
with 28 USC 1746 are requesting that this Court Order Securus Technologies
Inc. to provide for inspection and copying, or produce electronically
stored TELEPHONE recordings from C.C.A. LEAVENWORTH DURING and in
between APRIL 2016 and AUGUST 2016, of TYWAN A. POOLE's telephone/vid.comm-
unications, while housed at C.C.A. and used Securus Telephones for calls.
SEE: M.W.D.DOC.751/759 16CR20032JRPoole has made attempts to recieve
the needed Phone Recording information by filing a 41(g) in 2016 in
this court that was recently denied on August 14,2019 due to the fact
that District of Kansas F.P.D. has been appointed to represent all
litigants from the District of Kansas who seek relief on claims such
as these, and in relation to 28 USC 2255 but that Office has not been
appointed to represent litigants from the Western District of Missouri.
                              This court further stated that the
court finds no basis to allow non-District of Kansas litigants to
intervene in this matter for the purposes of obtaining relief.
                              Poole is diligently seeking relief
currently in the 10th Cir. Court of Appeals and the M.W.D. UNDER 2255.
SEE: ATTACHMENT-D          Poole has in good faith attempted
to recieve the recording information from SECURUS TECHNOLIGIES INC.
TELEPHONE SERVICE by request of certified letter to no avail, with no
response from Securus. In addition Poole's Attorney relationship was Destr-
oyed due to Recordings.    RELIEF SOUGHT
                              Poole wishes to recieve Actual
recordings ,Documents,Copies,or Electronically stored information as to
Aud/Vid  recordings of inmates housed at C.C.A. LEAVENWORTH during and
in between April 2016 to November 2,2017 of his phone calls.
                    GROUNDS FOR MOTION
                              After Poole provided by U.S.Postal
Service to Securus a certified letter, Securus did not object or give

any indication in response that material requested was being witheld on any grounds of Privilege or work product and was not under requirements of RULE 26(b)(5). Christine Blegen Poole's 2255 counsel failed to protect/notify him of CCARecording.Furthermore,the failure of Securus to file any objection or letter in response to Poole in a Timely manner,in this case;no response at all has waived any objection to the request;of electronically stored where,when,how,and who phone calls. SEE: e.g.,Eureka Finnancial Corp. V. Hartford Accident &Indem.Co.,136 F.R.D.179,182-185(E.D.Cal.1991).SEE: ATTACHMENT-A and D

## PRE MOTION CONSULTATION

Before this Motion to Compel the Production of Documents was filed within this court Poole has been Diligently seeking the needed Phone information by way of Certified letter to Securus Technoligies and Motion to the Court requesting a Ruling under Motion filed under RULE 41(g).

## REQUEST FOR SANCTIONS

Poole is seeking a Order to Compel Securus Technoligies Inc.Telephone Service to produce documents. As shown in the attached copy of Memorandum and Order Regarding Request From Interested Parties and Certified letter to Securus there is no reasonable justification for the refuseal of Documents and or Electronically Stored Information as to Inmate Phone calls from C.C.A.. To produce the documents in question for inspection and copying or produce electronically stored information of the Recordings in question to no avail...so that an ORDER to Compel is appropriate under Fed.R.Civ.P.37(a)(3)(B). SEE: ATTACHMENT-C

## MATTERS ON WHICH MOTION IS BASED

This motion is based on the attachment as a interested party the pleadings and papers on file in United States V. Black,Huff,and Carter and in this action,this Motion,the accompanying Memorandum,the Request Letter,and whatever evidence and argument that is or may be presented at the hearing of this Motion and or hearings in the Black,Huff,Carter cases or other similarly interested parties and filings. SEE: ATTACHMENT-B.Due to phone audio and Leg.Visit Video,recording.SEE:ATTACHMENT-E

## CONCLUDING

Fed.R.Civ.P.37(a) is appropriate for this court to Order Securus to produce documents to TYWAN A. POOLE the owner of such documented recordings. Furthermore this request by Poole is appropriate because Securus has not shown that such Production and Answers will be annoying,burdensome,or completely irrelevant to thrust of instant litigation,and where Plaintiff Poole adequately contends that answers to Production of Relevant documents will significantly enhance Plaintiff'Poole's ability to present properly it's cause of action to the Court of Appeals and 28 USC 2255 proceedings within the Missouri Western District Court,wher Erin Tomasic from W.D.M. was on special assignment to Ks.D. then, Poole prays that this court will GRANT an Order for Securus to provide the information requested,due to the fact that he is not represented by the F.P.D.ofKansas,and is a Pro Se litigant from the M.W.D.Court that hasnot appointed F.P.D. in Missouri by Kansas District Court to represent interested parties from Missouri. Poole used Securus phones to call the W.D.M. F.P.D.at8164718282and Attorney Christine Blegen at8162130384 for Defense purposes from C.C.A..There are some Attorneys From W.D.M.that didn't use a bilateral or mutual action by Reciprocity making it known that they had clients at C.C.A. durring the periods of time in question.,Defense Counsel Blegen didn't provide her information to the court or special master.(Blegen contact with Poole from C.C.A.:phone-8162130384/8165247023and VISITS 6/24/16 2:02pm-7:05pm and 7/11/16 1:46pm-3:52pm.)

The documents in question are needed and crucial to his ongoing litigation in the above captioned cases as provided by Poole. The violation that Poole is asserting falls under 18 USC 2511(1)(c); SEE:K.S.A.22-2518(i):"Any person whose wire,oral or electronic communication is intercepted,Disclosed.or used in Violation of this Act shall have a Civil Cause Of Action against any person who Intercepts,Discloses,or uses,or PROCURES any other person to intercept, Disclose or use,such communication."Furthermore,"Upon information and belief,in some cases the defendant Disclosed class members Confidential communications to THIRD parties,such as Law Enforcement,in Further Viclation of the  KANSAS WireTap Statute." AUSA Debra Barnett testified that,"Erin continues to create strife and discord in our office,among colleagues,"then suggest that she should be fired.Barnett confirmed that the Special Master gave her information about the defense community's perception of certain members of her office that was consistant with what she knew and heard back in August 2016,before the appointment of Special Master. Barnett testified that she agreed with this perception based upon her own observation of such behavior by certain KANSAS CITY prosecutors in the past. Barnett's statement was in reference to TOMASIC from W.D.M. . In fact ,some of the questionable behavior had been directed towards Barnett. Barnett testified that,"ahead of the August 9,2016 hearing,she did not have absolute confidence that SAUSA TOMASIC and AUSA Flannigan were giving her complete and accurrate information and she did not want to sponsor such before the court."

On August 9,2016 the court Ordeed CCA to cease recording Attorney-Client meetings and phone calls;impouded the video recordings;ordered the Government to preserve its computer hard drives. In David Cohens first Status report,the Special Master invited "any attorney who may have recieved a telephone call from an inmate at CCA for the purpose of obtaining legal advise...to provide me with the telephone numbers those inmates may have called."

Poole's counsel Blegen failed to do that.                                  Neverthe less,it is now apparent to the Court that the Government had no intention of complying with the Court's Final Production Order,despite asking the court to keep the record open at the conclusion of the November 16 hearing.(2019 U.S.Dist.Lex.43) At the end of that hearing,after testimony by USAO representatives verified that an effective litigation hold had not been put in place until May 2017.Providing that between April 2016 to August 2016 CCA and the Government was aware of Legality in question by the Court as to the recordings,Cohen being appointed October 2016,and Order to Produce Documents related to Aud/Vid. recordings. C.C.A. and the Government was in possesion of documents including recordings un-supervised,free at will to destroy some or most,add to or take away any recordings. These actions created a TAINT of the correct process of litigation for a inmate defending himself in a criminal case constitutionally regardless if the Government used the recordings,the PROCUREMENT of the recordings alone are violative of 18 USC 2511(1)(c) and constitution violations. Such behavior is the reasoning for Pocle bringing this Petition to the Court.

The Court proceeded to list numerous problems with the way Production happened over the course of two years resulting in a"Document Dump" shortly before and continuing throughout the two week hearing in October 2018.Those problems were;

1)individuals that have been alleged to engage in wrongdoing are the ones doing the culling of their own documents instead of a neutral reviewer;
2)the year-long(2019 U.S.Dist. Lex.44) process of developing agreed search terms with the intent that they be applied across all repositions had not happened;
3)the individuals whose repositories are being searched should not control who is searching them;
4)while acknowledging the Government is intitled to do a Privilege, National Security,and Privacy Act review,the Court and the parties are entitled to a Privilege/Production Log.

The Government was allowed review of the documents that Poole is requesting,and this Court should allow Poole that right also if necessary under the Privacy Act review under Privilege/Production Log. The recordings that were provided to the Investigator Cohen and this court were not complete and accurate or reliable.

The Special Masters Investigation revealed;
1)the Government offered a number of inconsistant,inaccurate,or misleading statements about their knowledge of the existence of the Video Recordings and whether they viewed or otherwise used any of the Video Recordings;
2)the Government "Wiped Clean"the hard drive of the computer it had used to access the Video Recordings; and
3)the AUSA responsible for delivering the audio recordings to the Court for impoundment,made an AFTER-HOURS entry into Chambers were impounded materials in this case were kept. The Court should consider the "Fruit of a Poisones Tree"TAINT standard.   Erin Tomasic was from W.D.M. as SAUSA in Kansas.Poole's criminal case under 2255 was from W.D.M. and he was housed at C.C.A.(Core Civic)durring the period of times in question. Poole made phone calls to F.P.D. Office,Defense Counsel ChristineBlegen, and had over 7 hours of attorney visits with Blegen while housed at C.C.A. in June and July of 2016.SEE:ATTACHMENT-E

Poole has been diligently seeking the Recordings and relief due to his Sixth Amendment violations and Procurement of Aud/Vid by the Government. This Motion to Compel Production Of Documents from Securus is needed to assist the fundamental procedure of justice. The hard drive of computer that video recordings were stored on was wiped clean by the Government before,durring,and or after the Cohen Investigation.

Poole prays that this court will Order Securus to produce Documents in question because they should show the who,what,when,and why as to the days of recordings in question from C.C.A.

RESPECTFULLY SUBMITTED,

SIGNATURE:

PRINT: IVAN A, POOLE

DATE: September 23,2019

# Certificate of Service

I, TYWAN A. POOLE        hereby certify that I have served a true and correct copy of the following by placement in the inmate mail:
MOTION TO COMPEL PRODUCTION OF DOCUMENTS under
Fed.R.Civ.P.37(a)(1)&(3)(B)

UNDER CLERK FILING RULE 25(A)(2)(b)

Service of process is deemed complete at the time of delivery to the United States Postal Service for forwarding to the Court.  **Houston v. Lack** 101 L.Ed.2d 245 (1988) confirms that by such service upon the parties to litigation and or his/her attorney of record, by placement in a sealed, postage prepaid envelope addressed to:
CLERK OF COURT c/o
UNITED STATES DISTRICT COURT OF KANSAS
500 N.5th STREET
KANSAS CITY,KANSAS 66101

Furthermore so that this Motion may be FORWARDED to necessary personnel.
and deposited in the United States Mail maintained by the United States F.C.C. FORREST CITY LOW.        all requirements of service of process required by law have been fulfilled this:

_____ 23rd _____ day of September 20 19

TYWAN A. POOLE #25194-045
F.C.C. FORREST CITY LOW
P.O. BOX # 9000
FORREST CITY,ARKANSAS 72336

(Name) _Tywan A. Poole_
_25194-045_
Bureau of Prisons Register
Number