## In the United States District Court
## for the District of Kansas

---

**United States of America**,
                    Plaintiff,

v.                                                    Case No. 16-cr-20032-JAR

**Lorenzo Black, et al.,**
                    Defendants.

---

## Motion to Compel

---

The Federal Public Defender asks the Court to again order the government to identify, produce, and disgorge any recorded attorney-client communications that remain in the USAO's custody or control, including those that were collected for or during a federal prosecution and remain in the possession of law-enforcement agencies. This should not be limited to cases that the FPD was able to identify through reverse-engineering with Securus, nor should it be limited to persons who were in custody at CoreCivic (formerly CCA) or within any set time-frame. *Any* attorney-client communications still available to the USAO, in either its actual possession or the constructive possession of law enforcement agencies, should be identified, impounded by the Court, and copies destroyed. This should include not only the actual recordings but any derivative information, such as notes from call review, reports, or emails.

The FPD first requested that the government identify and produce recorded calls in its August 7, 2016 Amended Motion for Return of Information.[1] The Court entered a specific audio clawback order that covered these recordings.[2]

As the case progressed, it became apparent that the USAO had not produced recorded calls beyond those collected in the *United States v. Black* criminal investigation, and that it remained in possession of other constitutionally protected attorney-client communications, despite the Court's August 18, 2016 audio clawback order.[3]

The FPD then filed another motion for discovery of these recordings. In response, the Court ordered the USAO to search for and produce calls and related material based on the cases identified by the FPD. Further, the Court ordered the USAO to search beyond the cases identified by the FPD.[4]

As a result, the USAO has periodically produced recordings and related material to the Court, with correlating status reports.[5] In the Court's August 13, 2019 Findings of Fact and Conclusions of Law, it concluded that, "dating back to 2011, the USAO kept recorded calls from CCA, including attorney-client calls, during the duration of the case rather than returning or destroying them. By January 2019, the USAO was still in possession of recordings of attorney-client

---

[1] *U.S. v. Black*, 16-cr-20032-JAR, Doc. 85 at 12 (requesting an order "to impound from the USAO any CCA recordings that include legal communication and any information derived from the government possession of that legal communication, such as law enforcement reports"). The motion both referred to CCA calls and also made a broader request to identify privileged legal material the USAO had gathered or reviewed. *Id.* at 11.

[2] Doc. 113.

[3] Doc. 726 at 1.

[4] Doc. 705 at 2.

[5] Docs 726, 746, 764, 787, 799, 806, 846, 848, 854, 855.

phone calls. To date, the USAO has turned over recordings for over 100 defendants to the Court and FPD, and production is ongoing."[6]

The most recent status reports were filed in July 2021. The first July 2021 status report revealed the DEA still had possession of recorded calls—including the attorney-client call that forms the basis of Petitioner Steven Hohn's pending 28 U.S.C. § 2255 motion—collected as part of the investigation and federal prosecution of Mr. Hohn.[7]

The second July 2021 status report was related to *United States. v. Jay Giannukos,* Case No. 2:15-cr-20016-DDC-1. It reflected that AUSA Terra Morehead was aware the USAO's shared discovery drive still contained jail calls related to Mr. Giannukos's prosecution, and that USAO management recently located these calls in a folder labeled "Jail Calls."[8]

The FPD's purpose was twofold: 1) to identify the attorney-client calls in the USAO's custody or control and 2) to render all of those recordings, including copies and derivative information, wholly inaccessible to the government. Yet at the recent *Hohn* hearing, the government, through Acting U.S. Attorney Duston Slinkard, acknowledged the USAO's search for recorded attorney-client calls had been limited to names provided by the FPD;[9] to calls requested from the CoreCivic/CCA facility;

---

[6] Doc. 758 at 122–23 (footnotes omitted).
[7] Doc. 854 at 2–3; *see* Doc. 59 at 75–76, *Hohn v. United States*, 2:12-cv-02082-JAR-JPO (confirming the USAO did not need a court order or subpoena to collect these calls and AUSA Carrie Capwell was able to obtain the calls from the DEA by "call[ing] the agent up and say[ing], you have recorded calls, please check them out and bring them to the U.S. Attorney's Office").
[8] Doc. 855. AUSA Morehead reported she had notified AUSA Scott Rask that the calls remained in USAO possession; Rask denies this. *Id.* at 2 & n.2.
[9] *Hohn* Doc. 59 at 55–56.

and to calls recorded by the phone company Securus.[10] Mr. Slinkard agreed the USAO could still be in possession of recorded attorney-client calls placed by other individuals, requested from other facilities, or recorded by other companies.[11]

Mr. Slinkard also testified to at least one other limitation on the USAO's efforts to locate and produce recorded calls to the Court. First, in cases where (1) the USAO had reason to believe it had previously obtained recorded CCA calls and (2) the USAO was able to locate copies of those calls in its own possession, the USAO made no attempt to discern whether other law-enforcement or government entities still possessed copies of those same calls.[12] That explains why the DEA still had a copy of Mr. Hohn's recorded attorney-client call in July 2021, 18 months after the USAO initially produced its own copy of that call to the Court.[13]

Second, even in cases where the USAO was unable to locate copies of calls in its own possession but had reason to believe it had previously obtained those calls, it appears the USAO's efforts to obtain those calls from other law-enforcement or government entities may have been confined to calls the USAO had previously *provided to* such entities.  Despite the language of the Court's orders, it appears the USAO made no attempt to locate or produce recordings it had previously *obtained from* such entities or agencies.[14] Acting United States Attorney Slinkard agreed

---

[10] *Id.*
[11] *Id.* at 60.
[12] *Id.* at 62, 75.
[13] *Id.* at 70–71, 73–74; Doc. 764 at 6; Doc. 764-6 at 6.
[14] *Hohn* Doc. 59 at 80 (stating the USAO had interpreted the Court's clawback order as being limited to calls the USAO either (1) still had in its possession or (2) had obtained and then "disseminated . . . to" other entities; indicating the USAO "was not looking for" calls that "were upstream from" the USAO—i.e., calls that were initially obtained by other entities or agencies).

such upstream agencies may still be in possession of attorney-client communications, and that those communications are available to the USAO, as was the case in *United States v. Hohn*.[15]

Five years after the Court's first audio clawback order, it is clear the USAO has possession, actual or constructive, of recorded jail calls that likely include constitutionally protected attorney-client communications. The FPD again asks the Court to issue a comprehensive order to the USAO to review all cases prosecuted in the District of Kansas and to identify and produce all recorded attorney-client calls and derivative information. The FPD asks the Court to clarify this order is not limited to any previously identified case, to any particular facility, to any phone company, or to any specific timeframe. Moreover, this review must include all law enforcement and administrative agents and agencies that were part of the federal prosecution.[16] Finally, if the Court grants this motion, we ask the Court to require that the USAO complete this review within four months of the Court's order and that the USAO file rolling monthly status reports of its progress.

---

[15] *See Hohn* Doc. 59 at 75–76, 79–80; Doc. 705 at 2.
[16] *Cf. Smith v. Sec'y Dep't of Corr.*, 50 F.3d 801, 825 & n.36 (10th Cir. 1995) (discussing constructive knowledge in the *Brady* context).

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org


s/ Kirk Redmond
KIRK C. REDMOND, #18914
First Assistant Federal Public
Defender
117 SW 6th Avenue, Suite 200
Topeka, KS 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
kirk_redmond@fd.org


s/ Lydia Krebs
LYDIA KREBS, #22673
Assistant Federal Public Defender
850 Epic Center
301 N. Main
Wichita, KS 67202
Phone: 316/269-6445
Fax: 785/232-9886
lydia_krebs@fd.org

<u>CERTIFICATE OF SERVICE</u>

I certify that on 09/23/2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties and:

Duston Slinkard
Acting United States Attorney
District of Kansas
duston.slinkard@usdoj.gov

s/ Melody Brannon
MELODY BRANNON, #17612